THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Phillip Miles Miller, Appellant.
 
 
 

Appeal From Greenville County
John C. Few, Circuit Court Judge
Unpublished Opinion No. 2009-UP-326
Submitted June 1, 2009  Filed June 15,
 2009    
AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Michelle Parsons, all of Columbia; and Solicitor Robert Mills
 Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Phillip Miles Miller was found guilty of
 second-degree burglary and petit larceny and sentenced to life without parole
 and ten years respectively.  He appeals, arguing the trial judge erred in
 denying his motions for a new trial and for a directed verdict.  We affirm[1] pursuant to Rule 220(b) and the following authority:
1.  As to the motion for
 new trial:  State v. Needs, 333 S.C. 134, 157-58, 508 S.E.2d 857, 869 (1998)
 ("To prevail on a motion for a new trial based on after discovered
 evidence, a defendant must show (1) the evidence is such as will probably
 change the result if a new trial is granted; (2) the evidence has been
 discovered since the trial; (3) the evidence could not have been discovered
 prior to trial by the exercise of due diligence; (4) the evidence is material;
 and (5) the evidence is not merely cumulative or impeaching.");  Id. ("The granting of such a motion is not favored and, absent error of law or
 abuse of discretion, an appellate court will not disturb the trial judge's
 denial of the motion.").
2.  As to the motion for a
 directed verdict: State v. Gaines,
 380 S.C. 23, 32, 667 S.E.2d 728, 732-33 (2008) ("When ruling on a motion
 for a directed verdict, the trial judge is concerned with the existence or
 nonexistence of evidence, not its weight."); Id. at 32, 667 S.E.2d
 at 733 ("A defendant is entitled to a directed verdict when the state
 fails to produce evidence of the offense charged."); State v. McCombs,
 368 S.C. 489, 493, 629 S.E.2d 361, 363 (2006) (stating if there is any direct
 evidence or substantial circumstantial evidence reasonably tending to prove the
 guilt of the accused, this court must find the case was properly submitted to
 the jury).
AFFIRMED.
 HUFF,
 PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.